**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| Richard M.D.[1], <br><br> Plaintiff, <br><br> v. <br><br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CIVIL NO. 22-1470 (GLS) |

**OPINION AND ORDER**

Pending before the Court is Plaintiff counsel's request for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1), in the amount of $18,500.00. Docket No. 24. For the reasons discussed below, Plaintiff counsel's Section 406(b) petition is **GRANTED in part and DENIED in part**, provided that the fees previously awarded by the Court under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), be refunded to Plaintiff.

## I.    Background

Plaintiff signed a contingency fee agreement with Attorney Pedro G. Cruz Sánchez which established that, if Plaintiff succeeded in his claim, the Court could order the Social Security Administration ("SSA") to pay attorney's fees pursuant to the EAJA. Docket No. 24-1. The agreement also established that Section 406(b) fees could be requested and capped at 25% of past due benefits awarded to Plaintiff and his family. Id.

On September 28, 2022, Plaintiff's counsel filed a complaint seeking review of the Commissioner of Social Security's ("Commissioner") denial of Plaintiff's disability benefits. Docket No. 3. After Plaintiff filed his brief (Docket No. 14), the Commissioner filed a consent motion to remand Plaintiff's case to the SSA for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Docket No. 17. The Court issued an Order granting the Commissioner's request and entered Judgment remanding Plaintiff's claim. Docket Nos. 18-19. Plaintiff moved for attorney's fees under the EAJA. Docket No. 20.

---

[1]    Plaintiff's last name is omitted for privacy reasons.

The parties reached an agreement for the payment of those fees in the amount of $8,000.00. Docket No. 21. The Court then granted Plaintiff's request for attorney's fees under the EAJA pursuant to the agreement between the parties. Docket No. 23.

On March 31, 2025, the SSA issued a Notice of Award ("NOA") granting Plaintiff past due benefits of $107,546 for September 2017 through February 2025. See Docket No. 24-2. On April 11, 2025 — eleven (11) days after the NOA was issued — Plaintiff's counsel requested the payment of attorney's fees pursuant to Section 406(b). Docket No. 24. Plaintiff's counsel argues that Plaintiff's past due benefits are $107,546 without legal fees, and 25% of that amount ($26,886.50) was withheld for legal fees. Docket No. 24 at ¶ 6. Plaintiff's counsel requests the Court to grant him $18,500.00 in attorney's fees which is lower than Section 406(b)'s 25% cap. Docket No. 24. Plaintiff's counsel sustains that his request is reasonable because it is significantly lower than the 25% established in the contingency fee agreement and he adequately represented Plaintiff in court proceedings. Id. The Commissioner neither opposed nor assented to the request for attorney's fees under Section 406(b). Docket No. 25. The Court pauses to consider reasonableness and concludes that the attorney's fees requested are to be minimally reduced to account for administrative tasks.

## II.     Discussion

Attorneys who successfully represent a Social Security benefits claimant may be awarded attorney's fees under the EAJA or Section 406(b). Under the EAJA, the prevailing party may be awarded reasonable attorney's fees and expenses if the Government's position in the litigation was not "substantially justified". See 28 U.S.C. §§ 2412(d)(1)(A), (d)(2)(A). The fees are calculated based on the time expended and the attorney's hourly rate. Id. In turn, Section 406(b) provides that attorney's fees may be granted if the request is reasonable and does not exceed 25% of past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). Unlike petitions under the EAJA, which are payable by the SSA, Section 406(b) fees are payable "out of, and not in addition to, the amount of past-due benefits" awarded to claimant. Id.; see also Gisbrecht v. Barnhart, 535 U.S. 789, 792 (2002). If fee awards are claimed under both the EAJA and Section 406(b), the attorney must refund the claimant the amount pertaining to the smaller fee. Gisbrecht, 535 U.S. at 796.

Local Rule 9(d)(2) establishes that a party seeking attorney's fees under Section 406(b) has thirty (30) days after counsel's receipt of the original, amended, or corrected NOA to file the Section 406(b) petition. L. CV. R. 9(d)(2). Plaintiff's counsel filed his request well within the thirty (30) days of the NOA, which was issued on March 31, 2025. Having decided that Plaintiff counsel's request for Section 406(b)

2

fees is timely, the Court must delve on its reasonableness. Gisbrecht, 535 U.S. at 807. Contingency fee agreements are "the primary means by which fees are set for successfully representing Social Security claimants in Court[.]" Id. at 791, 807. However, when a petition under Section 406(b) is made, courts are called to make an independent review of contingency-fee agreements to make sure that reasonable results are obtained. Id. Reasonableness is determined "based on the character of the representation and the results the representative achieved." Id. at 808; see also Roldán-Urbina v. Comm'r of Soc. Sec., 2022 WL 34663, at *2 (D.P.R. Jan. 4, 2022). When analyzing reasonableness, the Court considers whether: (1) the representation provided by the attorney was substandard, (2) the attorney can be deemed responsible for any delays in the resolution of the case, or (3) the contingency fee is disproportionately large in comparison to the amount of time spent by the attorney working on the case. Gisbrecht, 535 U.S at 807-808. Courts should reduce fees when these are "inordinately large" vis-à-vis counsel's efforts in the case. Id. If there is some "unearned advantage" for the attorney, the fee may be considered a windfall and should be disallowed. Id.; see also Jeter v. Astrue, 622 F.3d 371, 377 (5th Cir. 2010); Siraco v. Astrue, 806 F.Supp.2d 272, 276 (D. Me. 2011). The Court's duty here is to make sure that Plaintiff's counsel is reasonably compensated for the efforts of his own making without losing sight that Section 406(b) fees are withheld from a disabled person's benefits.

Plaintiff's counsel requests a total of $18,500.00 in attorney's fees. Docket No. 24.  In support of his petition, he submits proof that he devoted 37.8 hours to this case at a rate of $650.00 per hour. Id. Plaintiff's counsel acknowledges that the sum adds up to $24,570 but he is only requesting $18,500. Id. Furthermore, he sustains that the amount requested is proper because it does not exceed the statutory cap of 25% or the contingency fee agreement with Plaintiff. And because the case was resolved in his client's favor. Id.

There is no question that Plaintiff achieved a favorable result as the case was remanded to the SSA and an award of past due benefits was obtained. Docket Nos. 18, 24-2. Nothing in the record suggests that Plaintiff's counsel unreasonably delayed proceedings or that his representation was in any way improper or substandard. On the contrary, it prompted a motion for remand that subsequently resulted in a favorable decision at the agency level and an award of past benefits. See Docket No. 24-2. Additionally, the fees requested by counsel do not exceed the statutory cap. And the hourly rate of $650.00 is reasonable. See Carrasquillo-Rosa v. C'mm'r of Soc. Sec., 2022 WL 3312974, at *4 (D.P.R. Aug. 11, 2022) (an award of $600.00 to $700.00 per hour is reasonable); Santiago Díaz v. C'mm'r of Soc. Sec., 2022 WL 420443, at *2 (D.P.R. Feb. 11, 2022) (granting counsel attorney's fees at a rate of $600.00 per hour); Burgos-Suárez

3

v. Bisignano, 2026 WL 788189, at *2 (D.P.R. Mar. 20, 2026) (counsel devoted 25.9 hours at a rate of $700.00 per hour, totaling $25,130.00; thus, only requesting $20,000 was reasonable). Further, a review of the docket reveals that Plaintiff's counsel performed substantive work, such as drafting the complaint and memorandum, reviewing transcripts, and meeting with Plaintiff to discuss his case and the implications of the remand. Docket No. 24-3. This justifies the hours of work spent by Plaintiff's counsel in this case. Nonetheless, a minimal reduction is warranted. Counsel reported 1.5 hours for the "prepar[ation] [of] service of four summons and mail[ing] the summons by certified mail." Id. But mailing summons is akin to a delivery or messenger service and not substantive legal work. The requested fee of $18,500 should be minimally reduced to reflect a reasonable fee for the services rendered. There is no mathematical formula for calculating a reduced fee. One (1.0) hour of those is to be reduced under Gisbrecht. See Vázquez v. C'mm'r of Soc. Sec., 2023 WL 4285991, at *6 (D.P.R. June 30, 2023) (quoting Gisbrecht, 535 U.S. at 808). Using its independent judgment and for the reasons explained above, the Court reasons that an award of $17,850.00 (a one-hour reduction) is a fair compensation for the work performed.

### III.    Conclusion

The Court finds that Plaintiff counsel's Section 406(b) petition is timely, but a reduction in the requested fee is warranted. Plaintiff counsel's Section 406(b) request is **GRANTED in part and DENIED in part**. Plaintiff's counsel is granted $17,850.00 in attorney's fees but should refund Plaintiff the amount of $8,000.00 awarded under the EAJA.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of April 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge

4